UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 00 C 4988 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Schenkier |
| v. | ) | |
| | ) | |
| KRISHNASWAMI SRIRAM, M.D. | ) | |
| | ) | |
| Defendant . | ) | |

**UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**Introduction**

From January 1996, and continuing through at least March 2001, Dr. Krishnaswami Sriram submitted false claims to Medicare and Medicaid to receive reimbursement in violation of the False Claims Act, 31 U.S.C. § 3729(a). On September 19, 2002, Sriram pled guilty to several criminal counts including mail fraud, health care fraud, and tax fraud concerning those Medicare and Medicaid claims. Because the False Claims Act, 31 U.S.C. § 3731(d), and 18 U.S.C. § 3664(1) estop the defendant from denying the essential elements of the civil False Claims Act allegations, the United States is entitled to summary judgment.

**Background**

Dr. Sriram and his business, Home Doctors, operated ostensibly to provide medical services to patients covered by Medicare and Medicaid as well as private insurers. However, in his plea agreement in the criminal case entered on September 19, 2002, Sriram admitted that: (1) he billed for tests, services and procedures which were not performed; (2) he created false records and made

1

false entries in medical and business records to suggest that such services were performed; (3) he failed to bill for co-payments; and , (4) he submitted false and fraudulent claims that resulted in substantial payments to him.

As part of that guilty plea, Sriram further acknowledged that he submitted claims for services rendered after patients had died or performed while Sriram was out of the country. He admitted to submitting claims that showed he worked in excess of 25 hours in a single day and claims that indicated that on certain days he saw 100 or more patients. He also admitted submitting claims on behalf of other physicians employed by his business, Home Doctors, but for dates of service when those physicians no longer worked for him.

This civil False Claims Act case was originally filed on August 15, 2000, prior to the indictment, and was amended on December 15, 2000. The complaint also sought an injunction against the fraud and to prevent the transfer of funds which Sriram had obtained as a result of his fraud. After an evidentiary hearing in January of 2001, the court entered an order on February 9, 2001 freezing $1,651,527.05, plus interest, held at the Lake Forest Bank and Trust as proceeds of the Medicare fraud.

In the criminal case, the district court ultimately sentenced Sriram to probation and ordered restitution in the amount of $1,258.04. The United States appealed from the sentencing order and on April 10, 2007 the appellate court reversed and remanded for resentencing. In its opinion the court of appeals held that when the district court ordered restitution on remand, "any loss estimate lower than $1.4 million would be clear error . . . ." [1]

---

[1] Although defendant has sought a petition for rehearing, this should not preclude entry of judgment as to liability in the civil case since defendant did not challenge his guilty plea on appeal.

2

**Argument**

I.    **Standard for Summary Judgment**

A court may award summary judgment to the moving party when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only when a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 248 (1986). The movant "can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1183 (7th Cir. 1993).

In considering the motion, all reasonable inferences must be drawn in favor of the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Bailor v. Salvation Army,* 51 F.3d 678, 681 (7th Cir. 1995). However, the party opposing the motion may not avoid summary judgment by resting upon the mere allegations of the pleadings, but instead must come forward with specific evidence showing that there is a genuine issue for trial. *Celotex Corp. V. Catrett,* 477 U.S. 317, 324 (1986). The non-movant must present more than a scintilla of evidence to successfully oppose a motion for summary judgment and must designate specific facts showing a genuine issue for trial. *Walker v. Shansky,* 28 F.3d. 666, 671 (7th Cir. 1994); *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994) (noting that, if the moving party is entitled to judgment as a matter of law, summary judgment is not discretionary).

II.    **Sriram's Guilty Plea Estops Him from Denying the False Claims Act Violations Alleged in the Civil Complaint.**

The False Claims Act prohibits individuals from knowingly presenting, or causing others to present, to an officer, employee, or agent of the United States false or fraudulent claims in order to

obtain payment or approval of those claims. 31 U.S.C. §§ 3729-3733; *Cook County, Illinois v. United States ex rel. Chandler,* 538 U.S. 119, 122-23 (2003). Under this statute, "knowingly" means that a person, with respect to information: (a) has actual knowledge of the information; (b) acts in deliberate ignorance of the truth or falsity of the information; or (c) acts in reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b); *Hindo v. Univ. of Health Sciences/The Chicago Med. Sch.,* 65 F.3d 608, 613 (7th Cir. 1995).

To establish liability under 31 U.S.C. § 3729(a)(1) or (2), the United States must prove by a preponderance of the evidence that: (1) the defendant made a claim, or made a statement in order to get the United States to pay money on a claim; (2) the claim or statement was false or fraudulent; and (3) the defendant knew that it was false or fraudulent. 31 U.S.C. § 3731(c); *Lamers v. City of Green Bay,* 168 F.3d 1013, 1018 (7th Cir. 1999).

The False Claims Act also prohibits a defendant who has been previously convicted "in any criminal proceeding charging fraud or false statements . . . from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding." 31 U.S.C. § 3731(d); *see also* 18 U.S.C. § 3664(1) ("A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding . . . ."); *McCarthy v. United States,* 394 U.S. 459, 466 (1969) ("[A] guilty plea is an admission of all the elements of a formal criminal charge."); *United States v. Killough,* 848 F.2d 1523, 1528 (11th Cir. 1988) (noting that a prior guilty plea in which defendants admitted to paying a total of at least $577,400 in kickbacks to federal officials estopped defendants from contesting liability in a subsequent 31 U.S.C. § 3729 action).

4

Because Sriram pled guilty to mail fraud and health care fraud, as well as admitting the basis for the forfeiture count in the indictment, he is estopped from denying the elements of the False Claims Act allegations in the civil complaint. The various specific factual admissions Sriram made in his plea agreement (Ex. 3, pp. 3-6) conclusively establish his liability. He admits that claims were made, admits that the claims were false, and that he knew they were false. Nothing more is needed for this court to enter summary judgment as to liability. [2]

### Conclusion

For these reasons, the United States is entitled to summary judgment on the False Claims Act allegations in counts two and three of the civil complaint. [3]

                        Respectfully submitted,

                        PATRICK J. FITZGERALD
                        United States Attorney

                        By: /s/ Linda A. Wawzenski
                            LINDA A. WAWZENSKI
                            Assistant United States Attorney
                            219 South Dearborn Street
                            Chicago, Illinois 60604
                            (312) 353-1994

---

[2] At this time the United States only seeks judgment on liability in recognition of defendant's announced intent to file a petition for hearing on the appellate decision as to restitution. However, since the court of appeals has held that the minimum loss amount in this case on remand must be at least $1.4 million, if the petition for rehearing is denied, the United States will be entitled to a judgment of no less than three times $1.4 million.

[3] The United States' civil complaint also includes common law counts of payment by mistake of fact, unjust enrichment, and common law fraud, all of which will be rendered moot if the court grants this motion on the False Claims Act counts.