

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 4988 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| KRISHNASWAMI SRIRAM, M.D., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

On August 15, 2000, the United States of America filed this action alleging that defendant, Krishnaswami Sriram ("Dr. Sriram"), fraudulently obtained in excess of one million dollars in Medicare payments. The government asserted claims for civil penalties and treble damages under the False Claims Act, 31 U.S.C. § 3729 (Counts II and III), as well as damage claims under common law theories of mispayment by mistake of fact (Count IV), unjust enrichment (Count V), and fraud (Count VI). In addition, the government asserted a claim for injunctive relief under 18 U.S.C. § 1345, asking that the Court enjoin the alleged fraudulent activity by Dr. Sriram and freeze "assets that are the product of, or profit on the product of, his fraud" (Compl. ¶ 47) (Count I).[1] After a three day evidentiary hearing, on February 9, 2001, the Court issued a preliminary injunction. *United States v. Sriram*, 147 F.Supp.2d 914 (N.D. Ill. 2001). As part of that injunction, the Court froze $1,651,527.05 of funds held by Dr. Sriram and his wife in Account No. 700017538 at the Lake Forest Bank and Trust, based on the Court's finding that the evidence established that the

---

[1]By consent of the parties, and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, on January 19, 2001, this matter was transferred to this Court for all proceedings, including the entry of final judgment (doc. ## 33-35).

government likely would be able to prove at trial that Dr. Sriram had obtained at least $1,651,527.05 based on submission of fraudulent Medicare claims.

Since that time, the civil action has remained largely dormant, in deference to parallel criminal proceedings against Dr. Sriram. On November 3, 2000, a grand jury returned an indictment against Dr. Sriram. That indictment, as superceded on January 10, 2002, charged Dr. Sriram with 12 counts of mail fraud, 27 counts of healthcare fraud, 21 counts of violations of the False Claims Act, and 4 counts of tax fraud. *United States v. Sriram*, No. 00 CR 894 (N.D. Ill.) (doc. # 81). On September 19, 2002, Dr. Sriram entered into a plea agreement with the government in which he pled guilty to three of those counts: mail fraud (Count V), healthcare fraud (Count XX), and tax fraud (Count LXIII). On April 28, 2005, after an extended sentencing hearing, the district court sentenced Dr. Sriram to a period of probation of five years, and ordered restitution in the amount of $1,258.04 (doc. ## 222, 226). On appeal, no issue was raised as to Dr. Sriram's guilt as admitted in the plea agreement. With respect to the sentence imposed, the Seventh Circuit reversed and remanded for resentencing. As to restitution, the appeals court criticized the loss calculation of $1,258.04 as inadequate, stating that "any loss estimate lower than $1.4 million would be clear error . . . ." *United States v. Sriram*, 482 F.3d 956, 962 (7th Cir. 2007). Recently, the Supreme Court vacated that ruling and remanded the matter to the Seventh Circuit for further consideration in light of *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586 (2007). *See* 2008 WL 169417 (U.S. Jan. 22, 2008). Thus, Dr. Sriram's ultimate sentence in the criminal proceeding remains undetermined.

The same cannot be said for his adjudication of guilt pursuant to the plea agreement. "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S.C. 459, 466 (1969). Dr. Sriram did not challenge any aspect of his plea agreement

during the initial appeal on his sentence, and we see no basis for him to be able to do so during the Seventh Circuit's reconsideration in light of *Gall* – or, for that matter, at any later time.

It is this adjudication of Dr. Sriram's guilt on fraud claims in the indictment that forms the basis for the motion presently before this Court. The government has moved for partial summary judgment seeking to establish Dr. Sriram's liability on the False Claims Act claims alleged in Counts II and III of the civil complaint (doc. # 87). The matter has been fully briefed, and for the reasons set forth below, we grant the government's motion.

## I.

Summary judgment is proper if the record shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). In deciding a motion for summary judgment, the Court must view all evidence in the light most favorable to the non-moving party, and it must draw all reasonable inferences in the nonmovant's favor. *Santiago v. Lane*, 894 F.2d 218, 221 (7th Cir. 1990).

Our local rules set forth a procedure for the parties to set forth the evidence they wish to bring to bear on a summary judgment motion. The moving party must submit "a statement of material facts as to which the party contends there is no genuine issue and that entitles the moving party to a judgment as a matter of law." L.R. 56.1(a)(1)(3). That statement must be supported by "specific references to the . . . supporting materials relied upon to support the facts set forth in that paragraph." L.R. 56.1(a)(1). In response, the party opposing summary judgment must provide "a concise

response to the movant's statement," that must likewise make specific reference to the supporting evidentiary materials on which he relies. L.R. 56.1(b)(3)(B).

## II.

In this case, the government's Rule 56.1(a) statement is exceptionally short: four paragraphs. Dr. Sriram's Rule 56.1(b) response is even shorter – he offers none. A well-developed body of case law makes plain that a respondent who fails to follow the procedure set forth in L.R. 56.1 by failing to offer evidence to controvert properly supported factual statements offered by the movant does so at the risk of having the movant's fact statements accepted as uncontested. "All material facts set forth in a statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(c). Our appeals court has repeatedly upheld the application of these rules as appropriate and necessary tools of case management. *Koszola v. Bd. of Edu. of the City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004) ("we have emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment") (citations omitted). However, in order to determine whether Dr. Sriram's failure to respond to the L.R. 56.1 statement has this consequence, we must consider the threshold question of whether the government has "properly supported" its L.R. 56.1(a) fact statement. As to two of the four paragraphs, we find that it has not.

Paragraph 1 of the government's statement of uncontested facts asserts that on February 9, 2001, "the court made certain factual findings in granting the United States' motion for injunctive relief and an asset freeze," and seeks to incorporate "those factual findings 1 through 64 for purposes of this summary judgment motion" (Pl.'s Rule 56.1 St. ¶ 1, and Ex. 1). In making those findings at

the preliminary injunction phase, the Court was not "reaching an ultimate conclusion regarding the merits of this controversy." *Menominee Rubber Company v. Gould, Inc.*, 657 F.2d 164, 167 (7th Cir. 1981). Thus, a "[p]reliminary injunction determination . . . does not bind the Court in the subsequent trial on the merits" *Id.* at 167. We see no reason that that rule does not apply equally to a motion for summary judgment, which attempts to avoid a trial on the merits. While it might be within our authority to use these findings on summary judgment in light of Dr. Sriram's failure to offer any new evidence since these findings were made in 2001, *see Cintas Corp. v. Persy*, ___ F.3d ___, 2008 WL 442418, *4 n.2) (7th Cir. Feb. 20, 2008), we conclude that the better course here is to decline to treat our preliminary injunction findings as evidence at the summary judgment stage.

The second fact statement offered by the government is that a "second superceding indictment was filed against Sriram in the criminal case on January 10, 2002" (Pl.'s Rule 56.1 St. ¶ 2, and Ex. 2). The government does not explain why that fact is significant to its motion for summary judgment on liability in the civil False Claims Act case. If the date of the filing of the superceding indictment were important, we could accept that fact as one that is the proper subject of an L.R. 56.1 statement (although we also could take judicial notice of the date of the filing of the indictment). But, the government does not say why the indictment is relevant for that purpose. To the extent that the government offers the indictment as evidence that Dr. Sriram engaged in conduct that also would violate the civil False Claims Act, we find the indictment insufficient for that purpose. An indictment is a charge of criminal activity, not a finding of criminal liability. To the extent that the government seeks to offer the indictment to show the criminal conduct the government charged Dr. Sriram with committing, we fail to see how that advances the government's position on summary judgment. What is important to liability on summary judgment is not what was

5

charged in the criminal case against Dr. Sriram, but what conduct formed the basis of his adjudication of guilt. The indictment does not provide that information.

However, the third and fourth paragraphs in the government's L.R. 56.1 statement provides precisely that information. In those paragraphs, the government identifies the plea agreement entered into by Dr. Sriram in the criminal matter, and it recites specific conduct that he admitted as a basis for his criminal liability (Pl.'s Rule 56.1 St. ¶¶ 3-4, and Ex. 3). Dr. Sriram's statements in the plea agreement as to conduct in which he engaged are factual matters that are the proper subject of the L.R. 56.1 statement. Dr. Sriram has failed to respond to those paragraphs of the government's Rule 56.1(a) statement, and thus has failed to dispute that he in fact engaged in the conduct that he admitted to in the plea agreement. Accordingly, we accept the plea agreement, and the government's statement of facts concerning Dr. Sriram's conduct set forth in that plea agreement, as uncontested facts for the purposes of the government's current motion.

### III.

The government seeks summary judgment on Counts II and III of the amended complaint, which assert claims under the False Claims Act, 31 U.S.C. § 3729(a). To prove its claims under the False Claims Act, the government must prove by a preponderance of the evidence that: (1) Dr. Sriram made a claim or a statement in order to induce the United States to pay money on a claim; (2) the claim or statement was false or fraudulent; and (3) Dr. Sriram knew that it was false or fraudulent when he made the statement or claim. *Lamers v. The City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999). In his plea agreement, Dr. Sriram admitted that he submitted false and fraudulent claims that resulted in him receiving substantial payments (Pl.'s L.R. 56.1(a) St., Ex. 3, ¶ 5). Dr. Sriram admitted that he billed for certain tests, services and procedures which were not

performed; created false records and made false entries in records; and submitted claims for services to patients that he never delivered (*Id.*).

On this latter score, Dr. Sriram specifically admitted that he submitted claims for services he never provided to patients, including: claims for services provided to patients on dates after those patients already had passed away; claims that he had provided services to patients on dates when he was not in the United States; claims that he had provided services to the same patient at two different hospitals on the same date, when in fact he had not done so; claims that doctors working for his business, Home Doctors, had provided various services on dates when they were not working for Home Doctors; claims for certain tests that had not been performed; claims for services provided to more than 100 patients in a day when he had failed to do that; and claims reflecting that he had worked more than 25 hours on a certain day, when in fact he had not done so (*Id.*, ¶ 5(a)-(h)). Dr. Sriram also admitted that he engaged in misrepresentation and concealment to hide this illegal conduct.

In a suit under the False Claims Act, a defendant who has been previously convicted "in any criminal proceeding charging fraud or false statements, . . . [is] estop[ped] from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding . . . ." 31 U.S.C. § 3731(d). Dr. Sriram has not sought to contest his factual admissions in the criminal proceeding. Those factual admissions, which subjected him to a finding of guilt under the criminal standard of reasonable doubt, are more than sufficient to establish his civil liability here under the False Claims Act, so long as the factual matters he admitted are sufficiently tied to the civil claims brought by the government. And, indeed, they are.

In the civil case, the government asserts that Dr. Sriram submitted claims for patients for whom he did not in fact deliver those services, including certain patients who were deceased on the dates that he allegedly rendered the services, *Sriram*, 147 F.Supp.2d at 939, a matter to which he admitted in the plea agreement (Pl.'s L.R. 56.1(a) St., Ex. 3, ¶ 5(a)-(b)). The government alleges in the civil case that Dr. Sriram billed for services to patients on days that he was out of the country, *Sriram*, 147 F.Supp.2d at 940, a matter to which he admitted in the plea agreement (Pl.'s L.R. 56.1(a) St., Ex. 3, ¶ 5(c)). In the civil case, the government alleges that Dr. Sriram submitted claims for providing services to more patients in a day than was possibly true, including 187 patients on one day. *Sriram*, 147 F.Supp.2d at 939. In the plea agreement, Dr. Sriram admitted that he submitted claims for services to more than 100 patients per day on certain days, when in fact he had not provided those services (Pl.'s L.R. 56.1(a) St., Ex. 3, ¶ 5(e)). In the civil case, the government alleges that Dr. Sriram submitted claims for payment using identification codes for various doctors who were not working for him on the dates that they allegedly rendered the service, *Sriram*, 147 F.Supp.2d at 940, conduct that Dr. Sriram admitted in the plea agreement (Pl.'s L.R. 56.1(a) St., Ex. 3, ¶ h). And, in the criminal case, Dr. Sriram admitted that he engaged in all of this conduct knowingly, and engaged in actions to conceal this fraudulent activity.

We agree with the government that Dr. Sriram's admissions in his plea agreement in the criminal case involved the same course of conduct as the allegations that underlie the civil False Claims Act case. Many of the admissions by Dr. Sriram in the plea agreement are on specific factual matters that also are alleged by the government in the civil case. In light of this factual record, summary judgment in favor of the government and against Dr. Sriram on Counts II and III of the False Claims Act claims is appropriate.

Dr. Sriram does not really disagree. In his summary judgment response, Dr. Sriram states that he does not challenge a finding of civil liability under the False Claims Act (Def.'s Summary Judgment Resp. at 2). However, Dr. Sriram argues that his civil liability should be no more than $1,258.04, which is the amount that the district court found at the initial sentencing hearing was the maximum actual or intended loss that the government had proven (*Id.*) We disagree with this latter argument for two reasons.

*First*, Dr. Sriram's argument ignores that the government has sought summary judgment solely as to liability, which the government is permitted to do. *See* Fed.R.Civ.P. 56(a) (a party seeking to recover on a claim may move for summary judgment in the party's favor "upon all or any part thereof"). Defendant is not entitled, by a response to a summary judgment motion, to change the nature of the motion that plaintiff filed. To the extent that Dr. Sriram seeks an adjudication that his civil liability cannot exceed $1,258.04, he is free to file a motion for summary judgment seeking that adjudication. But, the vehicle that he currently has chosen to assert that position is procedurally inappropriate, and, for that reason alone, his request must be denied.

*Second*, beyond the procedural inadequacy of Dr. Sriram's request lurks a deeper, substantive problem: nothing has occurred in the criminal proceeding that limits Dr. Sriram's potential civil liability to $1,258.04. The question of the amount of actual or intended loss proven in the criminal case remains in a state of flux. The district court found $1,258.04 to be the amount of actual or intended loss proven by the government; the Seventh Circuit reversed that determination, and said any amount less than $1.4 million would be clear error; and the Supreme Court vacated and remanded to enable the Seventh Circuit to give the matter further consideration in light of *Gall*. To accept $1,258.04 as a maximum loss amount in the criminal case would require us to predict the

9

ultimate outcome of the Seventh Circuit's further consideration, and any further trial court proceedings, appeals or petitions for *certiorari* that may result from that consideration. We see no basis, and even less reason, to engage in that kind of guess work.

## CONCLUSION

For the foregoing reasons, the government's motion for partial summary judgment (doc. # 87) is granted. The Court enters judgment, solely as to liability, on Counts II and III of the amended complaint, in which the government brings claims under the False Claims Act, 31 U.S.C. § 3729(a).[2] The matter is set for a status hearing on March 11, 2008 at 9:00 a.m.

ENTER:

/s/ Sidney I. Schenkier

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: February 26, 2008

---

[2] In its motion, the government states that its common law claims would be rendered moot if the Court grants judgment on the False Claims Act counts (Pl.'s Mem. at 5 n.3). Accordingly, we expect that at the appropriate time, the government will submit a motion to dismiss the remaining claims as moot.