UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 4988 |
| | ) | |
| v. | ) | |
| | ) | Judge Schenkier |
| KRISHNASWAMI SRIRAM, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

### I. PARTIES

This Settlement Agreement (Agreement) is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) (collectively the "United States"); and Krishnaswami Sriram (hereafter referred to as "the Parties"), through their authorized representatives.

### II. PREAMBLE

As a preamble to this Agreement, the Parties agree to the following, which is incorporated by reference and fully made part of the Agreement:

A.      Krishnaswami Sriram is a physician and a board certified cardiologist.

B.      The United States contends that Sriram submitted or caused to be submitted claims for payment to the Medicare Program (Medicare), Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh.

# EXHIBIT 1

C.     The United States contends that it has certain civil claims, as specified in Paragraph 2, below, against Sriram for engaging in the following conduct during the period November 28, 1995 to and including August 14, 2000, using provider numbers 371774, 371772, L63960, L63961, L64854, and L69588, for services for Medicare beneficiaries: a) that were not provided as claimed; b) that were allegedly rendered when Sriram was out of the country; or c)were billed under the provider numbers of physicians who were no longer part of Sriram's group practice (hereinafter referred to as the "Covered Conduct").

D.     The United States also contends that it has certain administrative claims against Sriram for engaging in the Covered Conduct, adjudicated by Trust Solutions LLC (a CMS program safeguard contractor) and Wisconsin Physician Services (WPS) denoted as inquiry number 9007045610010.

E.     This Agreement is neither an admission of wrongdoing by Sriram, nor a concession by the United States that its claims are not well founded.  This Agreement does not constitute a factual finding or determination by any court, agency, or other tribunal of any sort.

F.     To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, the Parties reach a full and final settlement pursuant to the Terms and Conditions below.

## III. <u>TERMS AND CONDITIONS</u>

1.     Sriram agrees to pay to the United States $450,000 (the "Settlement Amount").  The United States agrees that this amount should be paid from account number 700017538 at Lake Forest Bank and Trust Co. currently frozen by this court's Amended Preliminary Injunction dated April 30, 2001.  The Parties further agree that the Amended Preliminary Injunction will be lifted in its entirety upon payment of the Settlement Amount.

2.      Subject to the exceptions in Paragraph 4 (concerning excluded claims), below, in consideration of the obligations of Sriram in this Agreement, conditioned upon Sriram's full payment of the Settlement Amount, and subject to Paragraph 10, below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Agreement or any payment made under this Agreement), the United States (on behalf of itself, its officers, agents, agencies, and departments) agrees to release Sriram and his spouse, Rajalakshmi Sriram, from any civil or administrative monetary claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

3.      The OIG-HHS expressly reserves all rights to comply with any statutory obligations to exclude Sriram from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct described in Paragraph II C. Nothing in this Paragraph precludes the OIG-HHS from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 4, below.

4.      Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person (including Sriram) are the following claims of the United States:

a.      Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.      Any criminal liability;

c.      Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from Federal health care programs;

        d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

        e.      Any liability based upon such obligations as are created by this Agreement;

        f.      Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

        g.      Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct;

5.      Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

6.      Sriram fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Sriram has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and prosecution thereof.

7.      The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare carrier or intermediary or any state payer, related to the Covered Conduct; and Sriram agrees not to resubmit to any Medicare carrier or intermediary or any state payer any previously denied claims related to the Covered Conduct, and agrees not to appeal any such denials of claims.

8.      This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraphs 9 (waiver for beneficiaries paragraph), Paragraph 2 (concerning release of Dr. Sriram and

his spouse), and paragraph 22 (concerning waiver of legal fees, expenses, costs or expert witness fees).

9.     Sriram agrees that he waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

10.     Sriram warrants that he has reviewed his financial situation and that he currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and shall remain solvent following payment to the United States of the Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Sriram, within the meaning of 11 U.S.C. § 547(c)(1), and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Sriram was or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

11.     Upon receipt of the Settlement Amount, as described in Paragraph 1, above, the United States shall promptly sign and file in the Civil Action a Stipulation of Dismissal with prejudice of the Civil Action pursuant to the terms of the Agreement.

12.     Except as expressly provided to the contrary in this Agreement, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

13.     Sriram represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

14.     This Agreement is governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement is the United States District Court for the Northern District of Illinois.

15.     For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16.     This Agreement and the December 2009 letter from the U. S. Attorney's Office concerning the administrative action described in part D of the preamble to this agreement, constitute the complete agreement between the Parties.  This Agreement may not be amended except by written consent of the Parties.

17.     The individuals signing this Agreement on behalf of Sriram represent and warrant that they are authorized by Sriram to execute this Agreement.  The United States signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

18.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

19.     This Agreement is binding on Sriram's successors, transferees, heirs, and assigns.

20.     All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

21.     This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

22.     In the Amended Preliminary Injunction dated April 30, 2001, the United States agreed that "[a]ny and all funds released by this Order for the payment of legal fees and expenses shall be without recourse to the law firms, attorneys, expert witnesses and third party vendors engaged in the defense and representation of the defendant. The government waives any and all claims, rights, title or interest in any such funds via either a forfeiture proceeding or any other legal cause of action." The United States hereby agrees that despite dissolution of the Amended Preliminary Injunction pursuant to Paragraph 1, above, the United States does not intend nor will it seek to forfeit or recover any legal fees, expenses, costs or expert witness fees (collectively "funds") incurred by Dr. Sriram in connection with his defense of the civil or criminal matters encompassed by this Agreement and that the recipients of such funds are third party beneficiaries of this provision of the Agreement.

THE UNITED STATES OF AMERICA


DATED: *12/11/09*          BY: _____
                              LINDA A. WAWZENSKI
                              Assistant United States Attorney
                              United States Attorney's Office
                              Northern District of Illinois


DATED: _____          BY: _____
                              GREGORY E. DEMSKE
                              Assistant Inspector General for Legal Affairs
                              Office of Counsel to the
                                Inspector General
                              Office of Inspector General
                              United States Department of
                                Health and Human Services

<u>KRISHNASWAMI SRIRAM - DEFENDANT</u>

12-9.09

DATED:_____ BY: _____


12-09-09

DATED:_____ BY: _____


Gary Brittner — Counselor